# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4837 | **DATE** | 11/09/2001 |
| **CASE TITLE** | McDermott, Will & Emery v. Ogle | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Dismiss Counts II, IV, and V (doc. #8) and Motion to Strike (doc. #9)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiff's Motions to Dismiss (#8-1) and to Strike (#9-1) are GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

NOV 16 2001 date docketed

docketing deputy initials

courtroom deputy's initials

01 NOV 15 PM 1:13

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number

# ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| McDERMOTT, WILL & EMERY,<br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>FLOYD LELAND OGLE,<br>    Defendant/Counter-Plaintiff. | CASE NO. 01 C 4837<br><br>JUDGE WILLIAM J. HIBBLER |

### MEMORANDUM AND ORDER

Plaintiff/Counter-Defendant McDermott, Will & Emery ("Plaintiff") moves the Court to dismiss Counts II, IV and V of the counterclaim filed by Defendant/Counter-Plaintiff Floyd Leland Ogle ("Defendant") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and to strike Defendant's prayers for punitive damages. For the following reasons, Plaintiff's motions to dismiss and to strike are GRANTED.

### BACKGROUND

Defendant retained Plaintiff to provide legal advice and services in regards to a civil enforcement suit filed by the Securities Exchange Commission against Defendant in March 1999 and a related class action suit filed against Defendant in September 1999 involving similar allegations.

Plaintiff filed a complaint before the Court to recover from Defendant over $160,000 for legal services Plaintiff maintains it rendered on Defendant's behalf between May 2000 and November 2000. Defendant responded with a counterclaim alleging professional

1

negligence (Count I), breach of fiduciary duty (Count II), breach of contract (Count III), deceit (Count IV), and conversion (Count V). Among his other prayers for relief, Defendant requested punitive damages. Plaintiff filed the present motions to dismiss Counts II (Breach of Fiduciary Duty), IV (Deceit) and V (Conversion) and to strike Defendant's prayer for punitive damages.

## Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to decide the merits of the case. *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F. Supp. 1399, 1406 (N.D. Ill. 1996). In considering the sufficiency of a complaint, all factual allegations stated in the document are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). This Court must sustain a complaint unless it appears beyond doubt the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, while a pro se complaint or counter-complaint is held to "less stringent standards than formal pleadings drafted by lawyers," a plaintiff may nonetheless plead himself out of court by pleading facts that undermine the allegations set forth in his complaint. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

## Plaintiff's Motion to Dismiss

**Count II: Breach of Fiduciary Duty**

In Count I of his counterclaim, Defendant broadly alleges a variety of Plaintiff's employees committed professional malpractice and were "careless and negligent and failed to achieve the standards of competency for attorneys similarly situated." (Def. Answer and Countercl. at ¶ 64.)

In Count II of Defendant's counterclaim, he states Plaintiff acted as Defendant's legal representative and thus owed Defendant a fiduciary duty to "competently render legal advice, to truthfully represent matters known by Plaintiff, to disclose material facts and to act consistently with Defendant's personal interests." (Def. Answer and Countercl. at ¶67.) Defendant then refers back to Count I, incorporates those facts and arguments claiming professional malpractice and states those alleged actions by Plaintiff breached these fiduciary duties. Thus, Defendant attempts to repeat and refashion the pleadings in his negligence (i.e. malpractice) claim as a claim for a breach of fiduciary duty. Plaintiff moves to dismiss Count II on the basis it is duplicative of Count I.

In Illinois, two claims are duplicative only if they contain the same factual allegations and the same injury. *Neade v. Portes*, 739 N.E.2d 496, 501 (Ill. 2000). The Illinois Supreme Court recently confirmed Illinois

> courts have rejected breach of fiduciary duty claims brought against attorneys on the basis that they are

3

> duplicative of negligence or malpractice claims. For example, (the Illinois) appellate court has held that where a claim for legal malpractice and a claim for breach of fiduciary duty are based on the same operative facts and result in the same injury to the plaintiff, the breach of duty claim should be dismissed as duplicative.

*Id.* (citing *Majumdar v. Lurie*, 653 N.E.2d 915, 920-21 (Ill.App.Ct.1995) and *Calhoun v. Rane*, 599 N.E.2d 1318, 1321 (Ill.App.Ct.1992)).

In *Calhoun*, the Illinois Appellate Court dismissed the plaintiff's breach of fiduciary duty claim as duplicative of plaintiff's legal malpractice claim because the allegations in the two counts were "virtually identical." *Calhoun*, 599 N.E.2d at 1321. Unless Plaintiff's breach of fiduciary duty claim pleads allegations different and distinct from those in the negligence or malpractice claim, the fiduciary duty claim is dismissed as duplicative. *See Dahlin v. Jenner & Block, L.L.C.*, No. 01 C 1725, 2001 WL 855419, at *9-10 (N.D.Ill. Jul. 26, 2001) and *Shaffer v. Respect, Inc.*, No. 97 C 4482, 1999 WL 281345, at *5 (N.D.Ill. Mar. 31, 1999). The relevant inquiry is "whether the breach of fiduciary duty claim ... alleges anything that is not in the malpractice claim." *Kirkland & Ellis v. CMI Corp.*, No. 95 C 7457, 1996 WL 559951, at *9 (N.D.Ill. Sept. 30, 1996). Thus, the Court must determine if Defendant has plead any facts to distinguish the breach of fiduciary duty from the legal malpractice claim.

Here, Defendant alleges the same facts and the same injury in Counts I and II. Defendant has not alleged anything in Count II for a breach of fiduciary duty that he did not already allege in Count I for negligence/malpractice. In fact, in his counterclaim, Defendant merely pleads two sentences in Count II, as quoted above, and then simply refers to the facts of Count I. (Def. Answer and Countercl. at ¶67.) In his response to Plaintiff's motion to dismiss the breach of fiduciary duty count, Defendant repeats the facts surrounding his claim of professional malpractice, refers to a series of self-serving letters he sent to the Illinois Attorney Registration and Disciplinary Commission concerning Plaintiff's alleged misconduct, and concludes Plaintiff "breached its fiduciary duty during the course of its professional dealings with (Defendant)." (Def. Resp. Mot. Dismiss at 2.) Defendant fails to distinguish the claim of breach of fiduciary duty from the claim of malpractice. Accordingly, Count II is dismissed with prejudice as duplicative of the earlier claim of negligence.

### Count IV: Deceit

In Count IV of his counterclaim, Defendant attempts to plead a claim for "deceit", i.e. fraud, against Plaintiff and twenty other named counter-defendants. To plead a claim for "deceit" or fraud, a plaintiff must allege: (1) the defendant made a statement or omission; (2) the statement or omission was material; (3) the statement was untrue; (4) the defendant knew the statement was

5

untrue or was in culpable ignorance of the statement's veracity; (5) the defendant intended for plaintiff to rely on the statement; (6) the plaintiff actually relied on the statement; and (7) the reliance resulted in damages to the plaintiff. *Small v. Sussman*, 713 N.E.2d 1216, 1221 (Ill.App.Ct. 1999); *see also TLMS Motor Corp. v. Toyota Motor Distributors, Inc.*, 912 F.Supp. 329, 334 (N.D.Ill. 1995)(quoting *Lagen v. Balcor Co.*, 653 N.E.2d 968, 972 (Ill. 1995)).

Further, a plaintiff alleging fraud in federal court must also satisfy the particularity requirements of Federal Rule of Civil Procedure Rule 9(b). *See Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999)(clarifying *Vicom, Inc. v. Harbridge Merch. Serv. Inc.*, 20 F.3d 771, 777 n.4 (7th Cir. 1994)). Federal Rule of Civil Procedure 9(b) mandates a plaintiff who alleges fraud or mistake to state with particularity the circumstances constituting fraud or mistake. Specifically, Rule 9(b) requires the plaintiff to specifically allege the who, what, where, and when of the alleged fraud. *Ackerman*, 172 F.3d at 469-70. The reason for the heightened pleading requirement in such cases is to force the plaintiff to do more than the usual investigation before filing a complaint "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Id.*

> Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual), because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, and because charges of fraud ... frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships.

*Id.* at 469 (citations omitted).

Moreover, in a case involving multiple defendants, each of whom the plaintiff alleges played a role in the fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Vicom*, 20 F.3d at 778 (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.* 882 F.2d 1242, 1247 (2nd Cir. 1987)). The plaintiff in a fraud case may not simply lump all the defendants together, but must identify and specify which defendant committed which allegedly fraudulent act. *Id.*; *Ackerman*, 172 F.3d at 471; *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1329 (7th Cir. 1994)("[D]efendants are entitled to be appraised of the roles they each played in the alleged scheme, and absent a compelling reason, a plaintiff is normally not entitled to treat multiple corporate defendants as one entity."); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *TLMS Motor Corp.*, 912 F.Supp. at 334.

In the present case, Defendant's Count IV fails to allege with particularity the who, what, where and when of the alleged fraud. He fails to state which of the twenty-one named counter-defendants made a particular material misrepresentation upon which he relied

7

to his detriment. Instead, Defendant names a large number of individuals and heaps them into the collective title of "Plaintiff." Defendant was required to specify which person said what material misstatement to whom and when, unless he could show, which he did not attempt to do, the requisite information was within Plaintiff's exclusive knowledge. *Ackerman*, 172 F.3d at 471 (quoting *Jepson, Inc.*, 34 F.3d at 1328). However, throughout his complaint, Defendant failed to identify with particularity the actors who participated in the various alleged misrepresentations. Although the complaint alleges in general terms the "Plaintiff" misled Defendant with statements about the strength of Defendant's defense and the possible or probable outcome of the SEC investigation and prosecution, the complaint neither associates a particular individual with a particular set of oral or written statements nor specifies the contents of those statements. *See Id.* Defendant has failed to provide this mandatory, explicit and unambiguous disclosure, and it is immaterial if the excuse is a purported lack of knowledge or instead is simply poor pleading.

Further, Count IV fails to allege the materiality of any statements made by Plaintiffs and fails to allege Defendant suffered damages as a result of Plaintiff's alleged deceit. Specifically, Defendant maintains he relied on Plaintiff's misrepresentations regarding the scope of his double jeopardy protection under negotiated settlement with the SEC, but his

8

counterclaim fails to mention if he was indicted after the settlement with the SEC. Thus, even if he had stated his claim for fraud with the requisite particularity (which he did not), Defendant has failed to state a claim for fraud because he has not plead damages as a result of his reliance on Plaintiff's alleged deceit.

Defendant is not permitted to make sweeping, all-inclusive declarations of fraud and deceit; he must refrain from such potential character assassination and provide the details necessary for a coherent and effective assertion. The law is clear that parties pleading fraud must wield a rifle rather than a shotgun.

Accordingly, Count IV is dismissed without prejudice.

### Count V: Conversion

In Count V of his counterclaim, Defendant attempts to plead a claim for conversion against Plaintiff.

A complaint for conversion must allege facts showing: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over a plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. *Voutiritsas v. Intercounty Title Co. of Illinois*, 664 N.E.2d 170, 181 (Ill.App.Ct. 1996); *see also General Motors Corp. v. Douglass*, 565 N.E.2d 93 (Ill. 1990); *Small*, 713 N.E.2d at 1222; and *Nicholson*

*v. Marine Corps W. Fed. Credit Union*, 953 F.Supp. 1012, 1018 (N.D.Ill. 1997). "The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *Voutiritsas,* 664 N.E.2d at 181; *see also In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985). In the present case, Defendant failed to adequately plead the first and third elements of conversion.

First, Defendant fails to allege Plaintiff wrongfully and in an unauthorized manner assumed control, dominion or ownership of Defendant's case files. Defendant does not maintain Plaintiff stole the relevant materials, nor does he allege Plaintiff otherwise engaged in misconduct to obtain the records. Rather, Defendant admits "(d)uring the course of the SEC litigation, Defendant supplied Plaintiff with voluminous personal records and documents related to various issues raised in the SEC case." (Def. Answer and Countercl. at ¶75.) Thus, since he voluntarily presented the case files to Plaintiff to permit Plaintiff to prepare and present his defense, Defendant cannot maintain Plaintiff wrongfully assumed possession and control of these materials.

Second, Defendant does not and cannot allege he has an absolute right to immediate possession of the documents, since Plaintiff maintains it is asserting a retaining lien over these files to secure payment of bills past due. A plaintiff may assert

10

two types of liens to obtain payment for outstanding attorney fees. An attorney may attach a charging or special lien only to the proceeds recovered in the underlying litigation; in contrast, the retaining or general lien attaches to the client's property which the attorney received during the course of representation. *Twin Sewer & Water v. Midwest Bank & Trust*, 720 N.E.2d 636, 639 (Ill.App.Ct. 1999); *see also Upgrade Corp. v. Michigan Carton Co.*, 410 N.E.2d 159, 161 (1980). Illinois common law has long recognized the retaining lien as a possessory lien that supports an attorney's efforts to secure his or her fees. *Twin Sewer & Water*, 720 N.E.2d at 640; *Anthony v. Bitler*, 911 F.Supp. 341, 342-43 (N.D.Ill. 1996)("Because Illinois common law recognizes an attorney's retaining lien, so will the federal court."). Particularly applicable to the present case, the retaining lien exists "on all papers or documents of the client placed in the attorney's hands in his professional character or in the course of his employment. ... It is the attorney's right to retain possession of property belonging to his client which comes into his hands ... until his charges are paid." *Twin Sewer & Water*, 720 N.E.2d at 640 (quoting *Jovan v. Starr*, 231 N.E.2d 637, 639 (Ill. 1967)). Thus, "the retaining lien is a method of holding the client's property hostage until fees are paid." *Id.* (citation omitted). Further, since a retaining lien is a passive, defensive tool and not an active, offensive weapon, a former counsel who asserts a retaining

11

lien in an effort to obtain payment due for services may only seek enforcement of the lien once the former client initiates proceedings to compel production of the files. *Id.* at 645 (upholding *Upgrade Corp.*).

Here, Defendant admits he gave Plaintiff the files at issue, but he argues he compiled these materials from previous legal matters, i.e. Plaintiff did not prepare these documents. However, a retaining lien protects Plaintiff's interests regardless of the method of preparation or source of the materials; once Defendant placed the documents in Plaintiff's possession and control, Plaintiff was able to assert the lien to obtain payment when Plaintiff was challenged by Defendant for return of the files. *Id.* at 643. Defendant has failed to pay Plaintiff over $160,000 for legal services allegedly rendered, so when Defendant demanded repossession of the documents, Plaintiff asserted his retaining lien as a defense to the demand. If the Court were to release the documents, then it would neutralize the effectiveness of Plaintiff's valid collection method. *Id.* ("Had the court (in *Upgrade*) not allowed the attorney this defensive measure, his lien would have been rendered meaningless."). Thus, since "(a) retaining lien continues until the attorney receives payment of unpaid fees, the client posts adequate security for payment, or the attorney surrenders the materials subject to the lien", Defendant

has no absolute right to the immediate possession of the documents at issue.

Accordingly, Count V is dismissed with prejudice.

**Motion to Strike Punitive Damages**

Defendant's counterclaim includes prayers for punitive damages in Counts I, II and IV and its final paragraph. Plaintiff responded with a motion to strike the prayers for punitive damages. Since the Court has dismissed Counts II and IV, it need not consider the appropriateness of punitive damages for those claims; however, punitive damages are unavailable for all of Defendant's claims.

The Illinois state legislature abolished punitive damages in legal malpractice cases by the passage of Section 2-1115, which states:

> § 2-1115. Punitive damages not recoverable in healing art and legal malpractice cases. In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed.

735 ILCS 5/2-1115 (West 2001).

As stated above in the analysis of Count II, Defendant's Count I states a claim for professional negligence, i.e. legal malpractice. Further, Count III states a claim for breach of contract which similarly states professional misconduct, as Defendant alleges Plaintiff failed to render competent legal services. Thus, Defendant's remaining counts in his counterclaim

13

arise out of Plaintiff's delivery of allegedly deficient legal services and are allegations of acts of professional malpractice; accordingly, Section 2-1115 provides a statutory bar to punitive damages in this case. *See Safeway Ins. Co. v. Spinak*, 641 N.E.2d 834, 837 (Ill.App.Ct. 1994) (Section 2-1115 is broad enough to encompass any acts arising out of the provision of legal services); *Calhoun*, 599 N.E.2d at 1321; *Ingram v. Hall, Roach, Johnston, Fisher, Bollman*, No. 95 C 550, 1995 WL 765331 (N.D.Ill. 1995).

Accordingly, the Court strikes Defendant's prayers for punitive damages from his counterclaim.

### CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's motions to dismiss Counts II, IV, and V and to strike Defendant's request for punitive damages.

**IT IS SO ORDERED.**

DATED: November 9, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE